**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**


**DAVID E. HUESTON,**

          Petitioner**,**

      v.                            **Civil Action No. 5:24-CV-81**
                                       Judge Bailey

**R. BROWN,** Warden, FCI Gilmer,
and **DR. McCOY**, FCI Gilmer, "Care
Provider"**,**

          Respondents.

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

On April 29, 2024, the *pro se* petitioner, David E. Hueston ("petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The petitioner is a federal inmate housed at FCI Gilmer in Glenville, West Virginia, and is alleging claims that Bureau of Prisons ("BOP") staff are refusing to provide him with adequate medical treatment. This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed.

## II.   BACKGROUND

As set forth in the petition, petitioner alleges that respondents refuse to provide him with adequate healthcare treatment or medicine following orders from pulmonary specialists.  He alleges that he should be receiving weekly infusions to treat his pulmonary disease.  He further alleges that Dr. McCoy is refusing to order necessary screening and

medications. He alleges Dr. McCoy is wrongly refusing to provide pain medication, psychiatric medication, psychiatric treatment, treatment for petitioner's pulmonary conditions, and more, all with deliberate indifference to petitioner's health needs. Petitioner seeks injunctive relief in the form of timely medical care and to be provided with a different healthcare provider.

### III. <u>STANDARD OF REVIEW</u>

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the

petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.     ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed.  *See* 28 U.S.C. § 2241.  In a § 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." ***Glaus v. Anderson***, 408 F.3d 382, 286 (7th Cir. 2005).  Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement."  *See **Preiser v. Rodriguez***, 411 U.S. 475, 499-500 (1973).  On the other hand, a ***Bivens*** action is used to hold federal officers "individually liable for constitutional violations." ***Starr v. Baca***, 625 F.3d 1202 (9th Cir. 2011).  Even more generally, a ***Bivens*** action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law.   *See **Bivens***, 403 U.S. at 392–94.  Further, a ***Bivens*** action is the federal analog to suits brought against state officials under § 1983.  ***Hartman v. Moore***, 547 U.S. 25, 254 n.2 (2006).  *See **Preiser***, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, petitioner complains about a denial of medical care.  This Court and others throughout the Fourth Circuit have found that such claims are not cognizable under a § 2241 petition.  *See **Hoover v. Bowers***, No. 5:21-CV-118, 2021 WL 3074175 (N.D.

3

W.Va. July 20, 2021) (Bailey, J.) (claims of inadequate medical care did not attack the execution of petitioner's sentence and should be brought as a civil rights action); ***Mabry v. Phillips***, No. 1:07-CV-171, 2008 WL 474067 (N.D. W.Va. Feb. 21, 2008) (Keeley, J.) (allegation of medical mistreatment must be pursued as a civil rights claim); ***McCain v. Garrity***, No. 3:02-CV-435, 2002 WL 32362032, at *2 (E.D. Va. July 16, 2002), *dismissed*, 53 F. App'x 275 (4th Cir. 2002) ("An action regarding the quality of medical care while incarcerated challenges a prisoner's conditions of confinement and therefore properly lies in a § 1983 civil rights action or a ***Bivens*** action."); ***Hall v. United States***, No. 5:11-HC-2159-D, 2012 WL 1196234 (E.D.N.C. Apr. 10, 2012) (denial of medical treatment claim was not cognizable in a writ of habeas corpus because it did not challenge execution of sentence); ***Harris v. Burgess***, No. CV DKC-23-506, 2023 WL 3726924, at *2 (D. Md. May 30, 2023) (claims that petitioner's Constitutional rights were being violated after contracting Covid-19 as a result of conditions at the facility or the facility's failure to provide medical care were not cognizable under § 2241); *see also* ***Wilborn v. Mansukhani***, 795 F. App'x 157, 163 (4th Cir. 2019) (recognizing a circuit split on this issue and noting that "[a]lthough we have several unpublished decisions relying on ***Preiser*** to hold that conditions-of-confinement claims are not cognizable in habeas proceedings, we have never addressed this issue in a published decision.").

In the instant case, petitioner's claims are entirely based on respondents' failure to provide adequate medical treatment to petitioner.  The petition does not contest the fact or duration of petitioner's confinement, and success on the merits would not result in an immediate or speedier release from his confinement with the BOP.  Thus, the petitioner's claims should be raised pursuant to a civil rights complaint. ***Preiser*** at 499–500 (a civil

4

rights action is the proper remedy for a prisoner challenging the conditions of his prison life).  *See also **Lee v. Winston***, 717 F.2d 888 (4th Cir. 1983).  Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED** without prejudice to the petitioner's right to file his claims in a civil rights action.  The undersigned further recommends that the pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.

The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** May 13, 2024.

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE